Filed 2/14/23  P. v. Gredvig CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAVIS JAMES GREDVIG,<br><br>    Defendant and Appellant. | F084068<br><br>(Super. Ct. No. CRF36461)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Detjen, J. and Franson, J.

Defendant Travis James Gredvig challenges the trial court's denial of his petition for resentencing pursuant to Penal Code[1] section 1172.6.[2] Our review of the record reveals the trial court failed to consider the petition as contemplated by the statute. As a result, the order denying the petition is reversed and this matter is remanded so that the trial court can consider whether defendant's petition for resentencing has stated a prima facie case requiring the issuance of an order to show cause.

## BACKGROUND

Defendant was charged with participating in a violent attack on a couple in their home in August 2011. After the information was filed charging defendant and a codefendant with nine counts related to this attack and its aftermath, defendant pled guilty to the following: two counts of second degree attempted murder (§§ 664/187, subd. (a); counts 1 & 2), two counts of residential robbery (§ 211; counts 3 & 4), three counts of grand theft of firearms (§ 487, subd. (d); counts 5–7), and two counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 8 & 9).[3] With respect to the two second degree attempted murder counts, defendant also admitted causing great bodily injury (§ 12022.7, subds. (a) & (b)), and using a knife (§ 12022, subd. (b)(1)). In May 2012, defendant received a sentence of 20 years for these guilty pleas.[4]

On November 29, 2021, defendant filed a petition for resentencing under section 1172.6. In his petition, defendant alleged he had been originally charged with felony murder that could have resulted in convictions for attempted murder or

---

**1**    All further statutory references are to the Penal Code.

**2**    Former section 1170.95 was recently renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

**3**    While the record indicates the People provided stipulated facts at the time of the plea, the stipulated facts are not part of the record provided to this court.

**4**    The first nine years of defendant's sentence was connected to the guilty plea to second degree attempted murder alleged in count 1.

manslaughter using the natural or probable consequences doctrine. Defendant further alleged that due to the changes made by the Legislature to the statutes defining murder, he could no longer be found guilty of attempted murder because he lacked the necessary level of intent, was not a major participant in the felony acts committed, did not act with reckless indifference to human life pursuant to section 190.2, and the victim was not a peace officer in the performance of his or her duties. Defendant further explained he pled guilty to the two counts of second degree attempted murder because he feared being found guilty by a jury of first degree attempted murder under the felony-murder rule as it existed then.

The trial court denied defendant's petition on January 26, 2022, stating he was not eligible for resentencing under section 1172.6 because he had pled guilty rather than being found guilty by a trial court or jury. This appeal followed.

## **DISCUSSION**

### **I.     The Standards Governing Section 1172.6 Petitions**

The relevant language of section 1172.6 provides, "[a] person convicted of … attempted murder under the natural and probable consequences doctrine … may file a petition with the court that sentenced the petitioner to have the petitioner's … attempted murder … conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial *or accepted a plea offer in lieu of a trial* at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), emphasis added.)

The petition for resentencing must be filed with the court that sentenced the defendant. (§ 1172.6, subd. (b).) After all parties have had the opportunity to brief the issues raised in the petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

The trial court's prima facie inquiry under section 1172.6 is limited, however. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The trial court must accept the defendant's " ' "factual allegations as true and make[] a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Ibid*.) Conversely, the trial court may deny a petition at this stage "if the petitioner is ineligible for relief *as a matter of law*." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) This may occur when documents in the trial court's records refute the defendant's allegations, such as documentation the jury was never instructed on the "natural and probable consequences" doctrine. (*Ibid*.) This initial prima facie inquiry is limited, and the court should not engage in any form of factfinding that might require the weighing of evidence or the exercise of discretion. (*Lewis*, at p. 972.)

Whether the trial court conducted a proper prima facie inquiry under section 1172.6, subdivision (c) is a question of statutory interpretation, which we review de novo. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 961.) Moreover, a declaration by the trial court that the defendant is ineligible as a matter of law is a purely legal conclusion, which we review de novo. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) The trial

4.

court's failure to follow the procedures as intended by the Legislature in section 1172.6 is grounds for reversal. (See *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008.) On this point, the People agree the trial court failed to consider whether defendant established a prima facie case, requiring the issuance of an order to show cause.

## II.      Remand Is Necessary Due to the Failure to Properly Consider the Petition

The trial court issued an order denying defendant's petition with the following language:

> "[Defendant's] Petition for Resentencing is denied on the basis that it does meet the requirements for … section 117[2.6](a). The Declaration of [defendant], paragraph number three, clearly indicates he pled guilty to second degree attempted murder. [S]ection 117[2.6](a) only applies to persons convicted of felony murder. Here, the [d]efendant pled guilty, and was not found guilty.

> "Therefore, the Petition is denied."

This statement by the trial court suggests the trial court denied the petition without considering whether a prima facie case had been established. The statement also shows the trial court failed to recognize the language of section 1172.6, subdivision (a)(2), which specifically makes the petition process available to those who pled guilty and is not limited to those who had been found guilty after a court or jury trial. The trial court offered no other reason defendant should be barred from submitting a petition for resentencing as a matter of law. (See *People v. Harden*, *supra*, 81 Cal.App.5th at p. 52.)

Our de novo review of the trial court's application of section 1172.6 leads us to conclude the denial of defendant's petition must be reversed, and this case must be remanded to allow the trial court to address the petition for resentencing in a manner consistent with the standards expressed in this opinion.

5.

## **DISPOSITION**

The trial court's order denying defendant's petition for resentencing under section 1172.6 is reversed. This case is remanded for further proceedings on the petition consistent with this opinion.